# Keetley v. Campbell.

*Liens—Waiver of exemption—Election, after sale, by junior creditor not to enforce.*

The waiver of exemption in a junior judgment inures to the benefit of a senior judgment, and the election of the junior creditor made after the sale not to enforce her waiver of exemption cannot interfere with the distribution as it was fixed by the law under the state of the record at the time of sale, so as to prejudice the senior creditor.

Submitted Nov. 23, 1900. Appeal, No. 225, Oct. T., 1900, by petitioner, in the matter of Eliza Keetley against Sarah A. Campbell and W. H. Turner, sheriff, from decree of C. P. Chester County, disallowing claim of petitioner to exemption. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by BEAVER, J.

Proceedings in the matter of the distribution of the proceeds of sheriff's sale of real estate on rule to show cause why the sheriff should not pay Eliza Keetley $143.50 on account of claim under exemption laws. Before BUTLER, J.

The facts sufficiently appear in the opinion of the court below, as follows:

Pursuant to an agreement of the parties in interest we are required to distribute the proceeds of a sheriff's sale of real estate belonging to the plaintiff, the same having been sold under process issued on judgment of nonsuit entered against her. The liens upon the property, divested by the sale, and consequently fixed upon the fund, are, first, the judgment of nonsuit, and, second, a waiver judgment held by Mary L. Keetley for $301.23. Since the sale Mary L. Keetley has declared her election not to enforce against the plaintiff her waiver of exemption, and the plaintiff, having claimed her exemption out of the proceeds of sale, urges that she is entitled to have the proceeds of sale awarded to her, the same being less than $300. The single question presented for determination is whether the junior creditor by an election made after the sale not to enforce her waiver of exemption can interfere with the distribution as it was fixed by the law under the state of the record at the time of the sale, so as to prejudice the senior creditor. Upon the record as it stood prior to and at the time of sale the defendant was entitled to receive the proceeds of the sale, undiminished by an exemption, the exemption in the junior inuring to her benefit: Bowyer's Appeal, 21 Pa. 210; Shelley's Appeal, 36 Pa. 373; Laucks's Appeal, 44 Pa. 395; Hallman v. Hallman, 124 Pa. 347.

We think it is obvious that the determination of the junior creditor—expressed after the sale at which the senior creditor, depending upon the state of the record, had bid—not to enforce her waiver, was an idle, empty act, incapable of taking the proceeds of sale from the senior creditor and giving them to the debtor. Feak's Appeal, 81* Pa. 76, differs from the case before us materially. In it the party complaining was a junior creditor without a waiver, who would have received nothing, even if he had been on the fund, whether the senior creditor enforced his waiver or not; and as a fact the junior creditor was not upon the fund at all. What was decided, therefore, does not declare the law for the present controversy. Fitler's Est., 14 W. N. C. 62, differs from our case at least in the fact that the party complaining had not taken any action, in reliance upon the record, to his prejudice, and that it was not an instance of a junior creditor who in no event could receive anything, attempting, by

a mere declaration of a purpose, to relinquish his waiver to take the proceeds from the senior creditor and give them to the debtor. We are not satisfied that Fitler's Est., supra, is the law as to its own facts. If a debtor is powerless by a waiver, generally speaking, to affect the distribution of a fund upon which several judgments are fixed, so that a waiver as to one inures to the benefit of all, it is difficult to see upon what principle the creditor holding the waiver may be permitted to so use it as to prejudice other creditors, and we think that Feak's Appeal, supra, relied upon in Fitler's Est., is not authority for any such doctrine. In our opinion, where a number of judgments are fixed upon a fund, a waiver in any one works the same result as though there were a waiver in all, saving only when the waiver is in a senior judgment which is for less than $300. In such case the debtor is permitted to have the balance of the $300 exemption after paying the senior judgment.

"No other creditor is postponed thereby, or the fund for the payment of his debts lessened. The preferred creditor and the debtor together get only what the debtor alone would have got without the waiver :" Hallman v. Hallman, supra.

Of course a creditor holding a waiver judgment which is a first lien on a fund may abstain from enforcing the waiver if he alone thereby suffers. If, for instance, the fund is not in excess of $300, he may forego his right to take all or a part of it and permit the debtor to have it. In such case the subsequent nonwaiver judgments are not prejudiced, the fund is not diminished by his action. He has simply given to the debtor what in the absence of a waiver the debtor would have taken or by an enforcement of the waiver he, the senior creditor, would have taken. We think that the moment the sheriff's sale was made and a fund created the law determined how it must be distributed, and that the junior creditor could not then for the first time—if she could have done so before—declare that she relinquished her exemption, and thereby so changed the distribution as to give the fund to the debtor at the expense of the senior creditor.

The balance in the hands of the sheriff for distribution is awarded to Sarah A. Campbell.

The court below discharged the rule of the petitioner and awarded the whole balance to Sarah A. Campbell, senior judg-

ment creditor.    Eliza Keetley, the petitioner and defendant in the execution, appealed.

*Errors assigned* were (1) in its final decree in awarding to Sarah A. Campbell the fund for distribution.    (2) In its final decree in not awarding to Eliza Keetley the sum of $143.50, the said sum being the balance of her claim under the exemption laws.    To which ruling an exception was taken and allowed.

*W. S. Harris,* for appellant.—The Supreme Court has held that a defendant may waive this right, but they have not yet held that a creditor who has such a waiver shall insist upon it, for the benefit of creditors who have no such waiver.    We cannot so hold : Feak's Appeal, 81* Pa. 76.

A waiver of the exemption in favor of one creditor is not ipso facto a fraud on others. . . . There is therefore no good reason for striking down the debtor's exemption in favor of a creditor to whom he has made no concessions : Hallman v. Hallman, 124 Pa. 347.

The Supreme Court have, upon more than one occasion, expressed regret that the option given by the act of 1849 was not construed indefeasible in the earlier decisions : Pendleton on Exemptions, in Pa. 77, citing Firmstone v. Mack, 49 Pa. 387, and O'Nail v. Craig, 56 Pa. 161.

Courts favor the right to the benefit of the exemption laws : Fitler's Estate, 14 W. N. C. 62.

*S. D. Ramsey,* for appellee, filed no paper-book.

OPINION BY BEAVER, J., December 10, 1900 :

The agreement, under which the court below made distribution, the facts of and the single question involved in this case are all clearly stated in the opinion of the court below.    The rights of the parties were fixed at the time of the sale of the real estate of appellant.    The waiver of exemption in the junior judgment inured at the time of the sale to the benefit of the plaintiff in the senior judgment.    This was so well settled in Hallman v. Hallman, 124 Pa. 347, that it has never been questioned since.    At the time of the sale, therefore, the waiver of exemption applied to the judgment of the appellee and must,

of course, be so held in the distribution, unless the relative rights of the parties have been changed since the sale. An attempt has been made by the creditor of the junior judgment since the sale to relieve the debtor from the effect of the exemption clause therein. The court below well held that this could not be done "so as to prejudice the senior creditor." Would the senior creditor be prejudiced, if this arrangement were carried out? Assuming that her rights were fixed by the record at the time of the sale, she bid apparently just enough to cover her judgment. The junior creditor by a small additional bid purchased the property and now seeks, by a release of the exemption clause to the debtor, to take away the purchase money from the appellee. If this attempt could under any circumstances succeed and had been known at the time of the sale to the appellee, she could and would probably, by increasing her bid, have realized enough from the property to pay both the amount of her judgment and the balance of the appellant's exemption. In any event she would have had the opportunity of doing so. She is, therefore, clearly prejudiced by the attempt of the junior creditor made after the sale to divert the fund raised thereby from its application to the senior judgment to the debtor's claim for exemption. This cannot be done. The question is so fully considered in the opinion of the court below and is so clear of all difficulty that it requires no further discussion here. Decree affirmed.